FILED

OCT 30 2009

[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATH TAYLOR, | ) | CIV 07-4184-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHARLIE DAMAN WOLF, Gregory | ) | |
| County Sheriff, in his official and | ) | |
| individual capacity, WINNER CITY | ) | |
| JAIL, and RICHARD BERTRAM, in | ) | |
| his official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants move for summary judgment alleging that they are immune from suit under the doctrine of qualified immunity.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of

material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 106 S. Ct. at 1356.

## DISCUSSION

Initially, the Court notes that plaintiff did not respond to defendants' statement of material facts. Pursuant to Local Rule 56.1(D), the failure to respond to a moving party's statement of facts results in the admission of those facts. Accordingly, the Court deems those facts admitted.

Defendants contend that they are immune from suit based on the doctrine of qualified immunity. The United States Supreme Court has held that government agents may be immune from suit if "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Behrens v. Pelletier, 516 U.S. 299, 306, 116 S. Ct. 834, 838, 133 L. Ed. 2d 773 (1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2739, 73 L. Ed. 2d 396 (1982)). "To determine whether an official is entitled to qualified immunity, we ask two questions: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional right; and, if so, (2) whether that right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted." Vaughn v. Green County, Arkansas, 438 F.3d 845, 850 (8th Cir. 2006) (citations omitted). The United States Supreme Court has held that the courts may determine which of these prongs to address first. See Pearson v. Callahan, ___ U.S. ___, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009). The Court finds that it is appropriate to

begin with the first prong.

The Eighth Amendment prohibits cruel and unusual punishments of prisoners. The United States Supreme Court has long held that the denial of medical care that results in unnecessary suffering to prisoners constitutes cruel and unusual punishment and is a violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Nonetheless, "[p]risoners do not have a constitutional right to any particular type of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Nor is it a violation of the Eighth Amendment when "[p]rison officials . . ., in the exercise of their professional judgment, . . . refuse to implement a prisoner's requested course of treatment." Id.

In this case, plaintiff alleges that defendants violated his constitutional rights under the Eighth Amendment when they were deliberately indifferent to his serious medical needs. In his complaint, plaintiff states he informed defendants that he suffered from a "chronic medical condition due to a degenerative arthritic condition" and that defendants "deliberately avoided proper care and treatment throughout incarceration." Docket #1. Plaintiff further alleges that the lack of proper care led to a disabling condition resulting in plaintiff's dependence upon a wheelchair. Docket #1.

The evidence submitted by defendants, however, indicates that during his 43-day period of incarceration, plaintiff was seen approximately six times by medical personnel. Affidavit of Richard Bertram, ¶¶ 5, 13, 14, 15, 17. Furthermore, the record

indicates that prison officials provided plaintiff with all medications ordered by his physicians, but that plaintiff refused his prescribed medications approximately 49 times during his incarceration. Id. at ¶ 9-10.

Plaintiff does not refute the evidence presented by defendants, but responds as follows:

> [d]ue to Defendants deliberate indifference, Plaintiff was overwhelmed with medication and became constipated. Through several requests, Plaintiff was unable to see the doctor as he requested. After 3 ½ weeks of constipation and having lost 47 lbs. The Defendants then took Plaintiff to see Dr. Berg, (jail doctor) to remedy the problem. Due to the deliberate indifference of the Defendants, Plaintiff has a sizable fissure within his colon which causes irregular bleeding. Problem exists to date.

Docket #61.

The Court notes that plaintiff's response to the motions for summary judgment does not match plaintiff's complaint with regard to the alleged serious medical need or the resulting injuries due to defendants' alleged indifference. Nonetheless, the Court finds that defendants actions did not violate plaintiff's constitutional rights. The record is clear that plaintiff received frequent medical attention, though not every time he requested. As stated previously, a prisoner is not entitled to any course of treatment he so desires. See Long, 86 F.3d at 765. The record shows that prison officials acted with diligence and care. Having thus determined there was no deprivation of plaintiff's constitutional rights, the Court concludes that the doctrine of qualified immunity applies and need not analyze the remainder of defendants' arguments. Accordingly, it

is hereby

ORDERED that defendants' motions for summary judgment (Dockets #41 and #46) are granted.

IT IS FURTHER ORDERED that the plaintiff remains obligated to pay the filing fee in its entirety.

IT IS FURTHER ORDERED that the plaintiff may not appeal in forma pauperis as the Court finds that the appeal would not be taken in good faith.

Dated this 30th day of October, 2009.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE